UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   ROSE MARIE PARKER,                               No. 24-10155-j7

       Debtor.

---

ROSE MARIE PARKER,

       Plaintiff,

v.                                                          Adversary No. 24-1008-j

U.S. DEPARTMENT OF EDUCATION,
NELNET SERVICING LLC,

       Defendants.

### MEMORANDUM OPINION AND ORDER ON A MOTION TO COMPEL DISCLOSURE OF MEDICAL INFORMATION ADDRESSING HIPAA AND THE EFFECT OF DOE'S STUDENT LOAN ATTESTATION GUIDELINES

THIS MATTER is before the Court on the Defendant U. S. Department of Education's Motion to Compel Plaintiff to Respond to Discovery Requests ("Motion to Compel" – Doc. 40). The U.S. Department of Education ("DOE") served discovery in connection with Plaintiff Rose Marie Parker's claim seeking a student loan hardship discharge under 11 U.S.C. § 523(a)(8),[1] requesting production of medical records and answers to interrogatories relating to Ms. Parker's medical condition.[2] Plaintiff opposes the Motion to Compel.

Plaintiff contends that no additional discovery responses are required because her sworn statement "detailing the limitations caused by a chronic condition and how these limitations affect her ability to maintain stable employment" comports with the attestation procedure set

---

[1] References to "§" are to title 11 of the United States Code.
[2] References to "medical condition(s)," "health condition(s)," or "medical information" refers to both physical and mental health. References to "medical records" refers to both physical and mental health medical records.

forth in DOE's November 2022 Guidance on Student Loan Discharge in Bankruptcy ("DOE Guidance")[3] under which the DOE does not require production of medical records or disclosure of other medical information. *See* Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery ("Response" – Doc. 41). Plaintiff contends that submission of a "functional impact statement" and existing financial records to the DOE are sufficient under the DOE Guidance for DOE to recommend discharge of Plaintiff's student loans under § 523(a)(8)'s undue hardship standard without the need for her to provide further responses to DOE's interrogatories or to produce medical records. *Id.* Plaintiff also asserts that HIPAA (defined below) and the physician-patient privilege, as well as confidentiality and privacy concerns, protect her from having to produce any medical records or other medical information to DOE. For the reasons explained below, the Court will grant the Motion to Compel, in part, and order Plaintiff to provide supplemental discovery requests as set forth in this Order.

PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initiated this adversary proceeding on March 11, 2024, by filing an Adversary Complaint ("Complaint") seeking to discharge student loans under § 523(a)(8). (Doc. 1).[4] Plaintiff asserts that repayment of her student loans would impose an undue hardship on herself and her family based on her "[c]urrent physical as well as mental health issues that have impacted [her] ability to work or earn income (due to these have difficulty maintaining employment on long term basis." Complaint, ¶ 5.a. The Court held a scheduling

---

[3] *See* Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation, dated November 17, 2022, found at https://www.justice.gov/civil/file/1553726/dl?inline=, last visited March 26, 2025.
[4] The total amount of Debtor's scheduled student loan debt is $130,055.00. *See* Case No. 24-10155-j7, Schedule E/F (Doc. 1, p. 44).

conference on July 1, 2024, and fixed a discovery completion deadline of October 29, 2024. (Doc. 18). DOE served discovery requests on Plaintiff on July 5, 2024. (Doc. 19).

On July 16, 2024, Plaintiff filed a letter requesting the discharge of her student loan debt ("Correspondence and Request for Court Intervention" – Doc. 21), in which Plaintiff a) describes the DOE's internal process for evaluating student loan dischargeability claims, b) provides an employment history from January 2016 through the present, and c) raises concerns about the sensitive nature of her medical information, privacy, and confidentiality. DOE filed a response to the Correspondence and Request for Court Intervention (Doc. 23), and Plaintiff filed additional correspondence in reply to DOE's response (Doc. 25).

The Court denied Plaintiff's request for Court intervention and assistance, and took no further action with respect to the correspondence, pointing out that a) the Court does not oversee DOE's internal processes for evaluating student loan dischargeability, b) Plaintiff is not required to participate in the DOE's attestation process, and c) Plaintiff will bear the burden of proving dischargeability of her student loans under § 523(a)(8) if she is unable to reach a settlement with DOE prior to trial. (Doc. 26). Plaintiff filed additional correspondence (Doc. 31), again outlining the DOE's streamlined procedures for evaluating student loan dischargeability and requesting the Court to deny DOE's request for discovery of additional medical records.

In a Scheduling Order entered October 2, 2024, the Court fixed a deadline of October 25, 2024, for Plaintiff to respond to DOE's outstanding discovery requests. (Doc. 29). DOE filed a motion to dismiss this adversary proceeding based on Plaintiff's failure to respond to DOE's discovery requests. (Doc. 32). Plaintiff filed two responses to the motion to dismiss (Doc. 34 and 37), asserting that she had provided discovery responses to DOE.

The Court denied the DOE's Motion to Dismiss. (Doc. 38). DOE then filed the instant Motion to Compel (Doc. 40), and Plaintiff filed her Response (Doc. 41). Following an initial pretrial conference held February 25, 2025, the Court fixed a deadline for DOE to file a reply to Plaintiff's Response that includes a copy of the discovery DOE served on Plaintiff and a copy of Plaintiff's responses to DOE's discovery requests. *See* Order Resulting from Initial Pretrial Conference Held February 25, 2025 (Doc. 45). DOE timely filed Defendant Department of Education's Reply in Support of Motion to Compel Plaintiff to Respond to Discovery Requests ("Reply" – Doc. 46).

Subsequently, Plaintiff filed Plaintiff's Request for Defendant to Submit Complete Discovery Responses ("Request" – Doc. 47). Plaintiff's Request asserts that DOE failed to submit Plaintiff's November 8, 2024, response to DOE's discovery requests as part of its Reply, and requests the Court to direct DOE to submit her November 8, 2024, discovery response to complete the record. Plaintiff's Request represents that the November 8, 2024, discovery response "was received by the Court on November 13, 2024, and acknowledged by Defendant via email on November 14, 2024." The only document filed of record in this adversary proceeding on November 13, 2024, is Plaintiff's Response in Opposition to the Motion to Dismiss ("Opposition" - Doc. 37). The Opposition recites that Plaintiff is "resending the . . . response to the interrogatories, and supplemental information" to the office of the United States Attorney," mailing to the Bankruptcy Court, and uploading her filing to the Court's electronic drop box.

It is not necessary to require DOE to further supplement its Reply with the discovery responses Plaintiff sent to DOE on November 8, 2024, before ruling on the pending Motion to Compel. The Opposition continues to assert privacy and confidentiality concerns regarding

-4-

Case 24-01008-j    Doc 48    Filed 04/16/25    Entered 04/16/25 13:46:33 Page 4 of 15

Plaintiff's health conditions, and contends that DOE is not following the DOE Guidance, as updated. The Opposition also states that Plaintiff "was diagnosed with an autoimmune disorder in 2015 that leads to chronic unpredictable symptoms such as severe fatigue, joint pain, and cognitive difficulties." Opposition, p. 3. This supplemental disclosure again places Plaintiff's claimed medical conditions at issue as the basis for Plaintiff's claimed undue hardship warranting discharge of her student loans, notwithstanding Plaintiff's assertion that she should not be required to disclose full medical records to DOE. As explained below, DOE is entitled to discovery of Plaintiff's medical records because Plaintiff's dischargeability claim is based on her assertion that her medical conditions prevent her from maintaining stable employment. The Court will deny the Request by separate order.

DISCUSSION

Pursuant to Fed. R. Civ. P. 37, made applicable to adversary proceedings by Fed. R. Bankr. P. 7037, a party may move the Court for an order "compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party must certify in its motion that the moving party "has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." *Id*. A motion to compel may seek to compel answers to interrogatories or production of requested documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). "[A]n evasive or incomplete . . . answer, or response must be treated as a failure to . . . answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Motion to Compel and the Reply recite that counsel attempted to communicate with Plaintiff by telephone several times following a hearing held October 1, 2024, but that Plaintiff continues to refuse to provide any further discovery responses. Motion to Compel, ¶ 7, p. 2; Reply, ¶ 9, p.4. These statements satisfy Rule 37(a)(1)'s certification requirement.

-5-

Case 24-01008-j    Doc 48    Filed 04/16/25    Entered 04/16/25 13:46:33 Page 5 of 15

DOE seeks to compel Plaintiff to provide supplemental responses to the following interrogatories, initially served on Plaintiff on or about July 5, 2024:

> Interrogatory No. 21: Identify each and every medical practitioner, hospital, rehabilitation clinic, or other institution which provided medical care or treatment to you during the last five (5) years, specifying the date and purpose for which each such medical practitioner, hospital, rehabilitation clinic, or other institution was consulted, and identifying the persons who have copy(s) of any medical records which were created as a result of such medical care or treatment.
>
> Interrogatory No. 22: Identify each and every psychiatrist, psychologist, mental health counselor or addiction counselor who provided care, treatment, or counseling to you during the last five (5) years, specifying the date and purpose for which each such psychiatrist, psychologist, mental health counselor or addiction counselor was consulted, and identifying the persons who have copy(s) of any psychiatric, psychological, mental health or addiction records which were created as a result of such care, treatment, or counseling.
>
> Interrogatory No. 23: Identify each and every pharmacy which provided prescription medication or equipment to you during the last five (5) years, specifying the date and purpose for which each such medication or equipment was obtained, and identifying the persons who have copy(s) of any pharmaceutical records which were created as a result of such prescription medication or equipment being supplied to you.

Plaintiff's responses to Interrogatory Nos. 21, 22, and 23 are as follows:

> Response to Interrogatory No. 21: This request seeks detailed information beyond what is required under the Department of Education's November 17, 2022 guidance and its following updates for evaluating undue hardship in student loan bankruptcy cases. The guidance specifically provides that borrowers may demonstrate medical impact on ability to pay without disclosing specific medical details or providers. Additionally, I am protected under privacy laws, such as HIPAA, which guard the confidentiality of medical records and treatment details. I have already provided a general attestation regarding my chronic conditions which limit my ability to work and earn income, as well as the necessary supporting documentation regarding my financial circumstances. I do not feel that further detailed disclosure of my medical history is relevant or necessary for this case, particularly given the undue hardship claim which focuses on my financial situation rather than specific medical details.
>
> Response to Interrogatory No. 22: I believe that the request for psychiatric, psychological, mental health, or addiction treatment information is not required under new guidance from the Department of Education. Additionally, such records are protected under doctor-patient confidentiality and privacy laws, including HIPAA and specific rules surrounding the confidentiality or mental health records. I have already provided a general attestation regarding conditions that limit my income potential and ability to

-6-

work. I do not believe further details about my mental health treatment are necessary or relevant for the purpose of this case.

Response to Interrogatory No. 23:  I believe that the request for pharmacy records, including prescription medications or equipment obtained over the last five years, is not necessary for the resolution of this case. These records are protected under HIPAA, and specific laws regarding doctor-patient privilege which safeguard[ ] my right to the confidentiality of my rights to confidentiality of my health information. I have already provided a general attestation regarding my circumstances and do not believe further disclosure of this information is relevant to this case.

Defendant's requests for production Nos. 2 and 3 are as follows:

Request for Production No. 2:  Copies of all personal notes, logs, diaries, letters, summaries, journals, calendars, social media posts, text messages, or other writings prepared by you or at your request which in any way refer, discuss, reflect on, or relate to Your allegations in this case or the damages and injuries alleged in your Complaint.

Request for Production No. 3:  All records that pertain to or document the medical or mental disability alleged in the Complaint (Doc. 10 [sic]), initial disclosures and any supplement thereto.

Plaintiff's responses to these requests for production are as follows:

Response to Request for Production No. 2:  As Plaintiff, I object to this request on grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant to the central issue of undue hardship in this case. I further object[ ] as this request invades my privacy, as many of the materials requested (personal notes, diaries, social media posts) contain private and sensitive information that is unrelated to my ability to repay the student loan. As Plaintiff, I will provide documents that are directly relevant to the undue hardship determination, including financial and employment-related documents.

Response to Request for Production No. 3:  As Plaintiff, I object to this request on the grounds that it is overly broad and seeks information that is irrelevant to the central issue of undue hardship. I also assert the privacy protections afforded under the Health Insurance Portability and Accountability Act (HIPAA) and other applicable laws that safeguard the confidentiality of medical and mental health records. Plaintiff has not alleged a medical disability under the Total and Permanent Disability (TPD) discharge provisions, nor applied for disability benefits as stated previously in other responses. Accordingly, [a]s Plaintiff, I object to the production of any medical records unrelated to the determination of undue hardship. This request seeks detailed medical records beyond what is required or contemplated by the Department of Education's November 17, 2022 guidance and its subsequent additions for evaluating undue hardship in student loan bankruptcy cases. The guidance specifically provides that borrowers may demonstrate medical impact without disclosing the detailed medical records or specific diagnoses. I

am willing to provide a general statement describing functional imitations that affect employment capacity, ability to earn income, and impact on financial circumstance.

*Plaintiff's contention that no further discovery is required because
she provided an Attestation to DOE in compliance with DOE Guidance*

Plaintiff steadfastly argues that she has already provided DOE with sufficient information for it to determine that her student loan debt is dischargeable. Plaintiff cites the DOE Guidance, which provides that a debtor who seeks to discharge student loan debt may provide DOE with information in an attestation form ("Attestation") that will aid the DOE in evaluating whether the student loan debt meets the dischargeability standards in accordance with existing law.[5] Plaintiff has provided DOE with an Attestation.

DOE developed the Attestation process in an effort to streamline its evaluation of student loan dischargeability claims. Under the Attestation process, if the information submitted satisfies DOE that repayment of the student loan debt will cause an undue hardship on the debtor as set forth in § 523(a)(8), DOE will stipulate to the facts demonstrating that repayment of the student loan debt would impose an undue hardship on the debtor and recommend to the court that the debt be discharged without the need for a trial.

The DOE Guidance outlines three factors that DOE will assess and apply to determine whether to stipulate to facts demonstrating that repayment of a debt would impose an undue hardship and recommend to the court that a debtor's student loan be discharged. The second factor is "whether the debtor's current inability to repay the debt while maintaining a minimal standard of living will likely persist for a significant portion of the repayment period."[6] Under

---

[5] Plaintiff's Opposition also asserts that updated guidance from August 2024 authorizes DOE to concede discharge if the costs of defending a student loan discharge claim would exceed one-third of the total amount of the student loan debt. *See* Doc. 37, p. 4. *See* https://fsapartners.ed.gov/knowledge-center/library/dear-colleague-letters/2023-10-19/undue-hardship-discharge-title-iv-loans-bankruptcy-adversary-proceedings-updated-august-5-2024, last visited April 9, 2025.
[6] DOE Guidance, ¶ B., p. 9.

the DOE Guidance, several circumstances can create a rebuttable presumption that a debtor has satisfied the second factor. [7] One of those circumstances is "disability or chronic injury impacting [the debtor's] income potential."[8] With respect to such circumstance, the DOE Guidance provides that the debtor "may, but is not required to, submit information from a treating physician indicating that the debtor suffers from a disability or chronic injury impacting their income potential" and "[t]he presumption *may* be applied even in the absence of a formal medical opinion." (emphasis added).[9] It is not clear from the DOE Guidance that the presumption *must* be applied if a debtor declines to submit medical information. The presumptions are rebuttable.[10] If a debtor's Attestation "nonetheless indicates a likely future ability to pay," the DOE need not apply a presumption.[11] Further, a presumption may be rebutted if there is evidence that a debtor's future financial circumstances would likely enable the debtor to pay the outstanding student loan debt.[12] Plaintiff suggests that DOE has not properly applied the DOE Guidance to her dischargeability claim and maintains that, consistent with the DOE Guidance, she is not required to provide DOE with any medical information or records.

Regardless of whether DOE followed the DOE Guidance in this proceeding, Plaintiff cannot compel DOE to adhere to the DOE Guidance and stipulate to the discharge of Plaintiff's student loans. Nor can this Court require DOE to settle Plaintiff's student loan dischargeability claim. The DOE Guidance provides:

> This Guidance is an internal Department of Justice policy directed at Department components and employees. Accordingly, it is not intended to and does not create

---

[7] *Id.*
[8] *Id.*
[9] *Id.* at n. 11.
[10] *Id.* at p. 9.
[11] *Id.*
[12] *Id.* at p. 10.

any rights, substantive or procedural, enforceable at law by any party in any matter.[13]

If DOE chooses to proceed to trial, Plaintiff's compliance with the Attestation process does not excuse her from providing information to DOE in discovery that otherwise is discoverable under the Federal Rules of Civil Procedure. Without an agreed resolution, to obtain a student loan hardship discharge, Plaintiff must proceed to trial where she will bear the burden of establishing the dischargeability of her student loan debt under § 523(a)(8). *Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete)*, 412 F.3d 1200, 1206 (10th Cir. 2005) (the debtor bears the burden of establishing all three factors under the *Brunner* test); *Regan v. U.S. Dept. of Educ. (In re Regan)*, 590 B.R. 567, 573 (Bankr. D.N.M. 2018) ("The debtor bears the burden of proving each prong of the *Brunner* test by a preponderance of the evidence."). At trial, Plaintiff will have the opportunity to present evidence she believes will satisfy § 523(a)(8)'s dischargeability standard under all three prongs of the *Brunner* test. *See Brunner v. New York Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987);[14] *Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302, 1309 (10th Cir. 2004) (adopting the *Brunner* framework). The DOE will likewise have the opportunity to present evidence at trial that Plaintiff has not met her burden of proof.

*Neither HIPAA nor the physician-patient privilege protects Plaintiff from complying with discovery seeking medical information*

Plaintiff maintains that the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996) and the physician-patient privilege protect

---

[13] DOE Guidance, p. 16 n. 22.
[14] The *Brunner* test is a three-part test requiring the debtor to establish the following:
   (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
   (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
   (3) that the debtor has made good faith efforts to repay the loans.
*Brunner*, 831 F.2d at 396.

-10-

Case 24-01008-j    Doc 48    Filed 04/16/25    Entered 04/16/25 13:46:33 Page 10 of 15

her from having to disclose sensitive health information to DOE in the form of medical records even if the information bears on her claim that medical conditions affect her ability to repay her student loan debt. The Court disagrees. Plaintiff's Complaint puts her medical conditions at issue.[15]

The protections afforded by HIPAA and the physician-patient privilege can be waived when a plaintiff puts her physical or mental health condition at issue. *See Hunt v. United States*, No. CV 18-1006 HJR/KBM, 2018 WL 6002912, at *2 (D.N.M. Nov. 15, 2018) ("[T]he protection from public disclosure provided by state and federal law generally . . . can be waived, where . . . a plaintiff has placed the medical condition at issue." (citing *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018))); *Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) (finding a waiver of the privilege against disclosure of confidential communications between a licensed psychotherapist and her patient where the patient's mental health condition is at issue in the case); *see also Lewis v. Johnson & Wales Univ. (In re Lewis)*, No. 16-61478, 2021 WL 3476963, at *5 (Bankr. N.D. Ohio Aug. 5, 2021) (denying debtor's request to seal medical records, concluding that "[s]ince Plaintiff put her medical condition at issue, her ability to protect that information is lessened.").

"It is not uncommon for a debtor's medical history or conditions to factor heavily into a student loan dischargeability action."[16] Plaintiff has placed her medical condition at issue in establishing the dischargeability of her student loans. She therefore has waived any HIPAA and physician-patient privilege that otherwise would prohibit DOE from discovering information

---

[15] *See* Complaint (Doc. 1), ¶ 5.a. ("Current physical as well as mental health issues have impacted my ability to work or earn income (due to these have difficulty maintaining employment on long term basis).").
[16] *Lewis*, 2021 WL 3476963, at * 2 (citing *Educ. Credit Mgmt. Corp. v. Barrett (In re Barrett)*, 337 B.R. 896 (6th Cir. BAP 2006)).

-11-

relevant to Plaintiff's medical condition at issue in this proceeding through its interrogatories and requests for production.

*Plaintiff's legitimate confidentiality and privacy concerns do not outweigh DOE's need for medical information to defend Plaintiff's undue hardship dischargeability claim.*

Plaintiff claims that her student loan debt is dischargeable because her medical conditions have interfered with her ability to maintain stable employment that would allow her to maintain a minimal standard of living if forced to repay her student loan debt. DOE has a legitimate need for Plaintiff's medical records and medical information to oppose Plaintiff's dischargeability claim. Without such information, if this matter goes to trial, DOE would be prevented from effectively probing Plaintiff's claims on cross examination. When considered in light of the restrictions the Court will impose to limit DOE's disclosure and use of the medical information, DOE's need for that information to defend against Plaintiff's nondischargeability claim outweighs Plaintiff's legitimate confidentiality and privacy concerns.

*Plaintiff's obligation to provide supplemental discovery responses*

For the reasons stated above, the Court will grant DOE's Motion to Compel, in part, and require Plaintiff to serve supplemental responses to DOE's Interrogatory Nos. 21, 22, and 23, and to provide documents in response to RFP No. 3. As an alternative to providing the medical records requested in RFP No. 3, Plaintiff may provide DOE with HIPAA releases which would authorize DOE to obtain the medical records directly from Plaintiff's healthcare providers.

As for RFP No. 2, it includes a request for documents related to "the allegations in this case or the damages and injuries alleged in Your Complaint." Plaintiff's Complaint does not allege any damages or injuries, but instead seeks to discharge student loan debt under § 523(a)(8). To the extent RFP No. 2 requests documents relating to damages or injuries, it is not relevant to the claims asserted in this adversary proceeding. To the extent RFP No. 2 relates to

-12-

Case 24-01008-j    Doc 48    Filed 04/16/25    Entered 04/16/25 13:46:33 Page 12 of 15

relevant to Plaintiff's medical condition at issue in this proceeding through its interrogatories and requests for production.

*Plaintiff's legitimate confidentiality and privacy concerns do not outweigh DOE's need for medical information to defend Plaintiff's undue hardship dischargeability claim.*

Plaintiff claims that her student loan debt is dischargeable because her medical conditions have interfered with her ability to maintain stable employment that would allow her to maintain a minimal standard of living if forced to repay her student loan debt. DOE has a legitimate need for Plaintiff's medical records and medical information to oppose Plaintiff's dischargeability claim. Without such information, if this matter goes to trial, DOE would be prevented from effectively probing Plaintiff's claims on cross examination. When considered in light of the restrictions the Court will impose to limit DOE's disclosure and use of the medical information, DOE's need for that information to defend against Plaintiff's nondischargeability claim outweighs Plaintiff's legitimate confidentiality and privacy concerns.

*Plaintiff's obligation to provide supplemental discovery responses*

For the reasons stated above, the Court will grant DOE's Motion to Compel, in part, and require Plaintiff to serve supplemental responses to DOE's Interrogatory Nos. 21, 22, and 23, and to provide documents in response to RFP No. 3. As an alternative to providing the medical records requested in RFP No. 3, Plaintiff may provide DOE with HIPAA releases which would authorize DOE to obtain the medical records directly from Plaintiff's healthcare providers.

As for RFP No. 2, it includes a request for documents related to "the allegations in this case or the damages and injuries alleged in Your Complaint." Plaintiff's Complaint does not allege any damages or injuries, but instead seeks to discharge student loan debt under § 523(a)(8). To the extent RFP No. 2 requests documents relating to damages or injuries, it is not relevant to the claims asserted in this adversary proceeding. To the extent RFP No. 2 relates to

Plaintiff's claim to discharge her student loan debt, the request for all personal notes, diaries, etc., is overly broad. The request does not specify how the documents Defendant seeks relate directly to Plaintiff's claim that not discharging her student loans would cause an undue hardship. The Court will not require Plaintiff to supplement her response to RFP No. 2.

*Protection of legitimate confidentiality and privacy concerns*

Documents produced in discovery generally are not filed in the docket of the adversary proceeding and, therefore, do not become part of the public record. Nor does the Court file exhibits used at trial in the docket of the adversary proceeding. The Court will order DOE and its counsel to maintain the confidentiality of Plaintiff's medical records by not disclosing any of such information to third parties, and to use such information only for purposes of evaluating the dischargeability of the student loans at issue in this adversary proceeding and as evidence at trial. Given these restrictions, the Court does not anticipate that sensitive medical records would become part of the public record; however, if it becomes necessary to file any sensitive medical records in this proceeding, the Court will order that such information be filed under seal so that only the parties to this litigation and the Court can access such records. These precautions should help alleviate Plaintiff's privacy and confidentiality concerns.

*Consequences of not producing medical records*
*and disclosing information as required by this order.*

Plaintiff may decide that she does not want to provide any medical information to DOE despite this Order compelling her to provide additional discovery responses and to produce medical records. If Plaintiff chooses that course of action and DOE files a motion for sanctions under Fed. R. Civ. P. 37, the Court will preclude Plaintiff from presenting any evidence at trial regarding her medical conditions. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii), made applicable to adversary proceedings by Fed. R. Bankr. P. 7037 (the court may sanction a party who fails to

obey an order to provide discovery by "prohibiting the disobedient party from supporting . . . designated claims . . . or from introducing designated matters in evidence."). *See also In re Nitka*, BAP No. CO 20-002, 2020 WL 4218823, at *6 (10th Cir. BAP July 23, 2020) (affirming the bankruptcy court's decision requiring debtor "to either disclose any conditions he intended to rely upon at trial to show undue hardship and allow further discovery, or waive the introduction of evidence [regarding his medical issues] at trial[,]" reasoning that "[h]e alleged medical issues that precluded him from repayment of his student loans, but refused to provide the information that might excuse him from repayments." ), *aff'd,* 857 Fed. App'x 965 (10th Cir. 2021). If the Court imposes this sanction, Plaintiff will not be able to rely on any medical conditions to support her claim that repayment of the student loan debt will cause her an undue hardship.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Compel is GRANTED, in part and DENIED in part, as follows:

1. By **May 1, 2025**, Plaintiff shall send to counsel for DOE by email supplemental responses to Interrogatory Nos. 21, 22, and 23.

2. By **May 1, 2025**, Plaintiff shall either (a) provide to counsel for DOE by email or by mail copies of medical and mental health records responsive to RFP No. 3; or (b) provide to counsel for DOE by email signed HIPAA releases for the release of mental health and medical records responsive to RFP No. 3.

3. <u>Confidentiality Requirements</u>. All medical information Plaintiff provides to DOE as required by this order, including medical records produced by Plaintiff directly to DOE or by giving DOE a HIPAA release, constitutes "Confidential Information." Confidential Information shall not be used or disclosed by DOE or its employees or its counsel for any purpose whatsoever other than in connection with this litigation. DOE and its employees and counsel

-14-

Case 24-01008-j    Doc 48    Filed 04/16/25    Entered 04/16/25 13:46:33 Page 14 of 15

shall not disclose any Confidential Information to third parties. Confidential Information may be provided only to DOE employees involved in this litigation, who shall be provided a copy of and shall be bound by the confidentiality requirements of this order. If it becomes necessary to file Confidential Information of record, such information shall be filed under seal such that only the parties to this adversary proceeding and the Court can access Confidential Information. In that event, the Court will enter a separate sealing order.

    4.    DOE's request for Plaintiff to supplement RFP No. 2 is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 16, 2025

COPY TO:

Rose Marie Parker
Plaintiff
11001 Milky Way St NW
Albuquerque, NM 87114

Roberto D Ortega
Attorney for Defendant DOE
DOJ-USAO
201 Third Street, N.W., Suite 900
Albuquerque, NM 87102

-15-

Case 24-01008-j    Doc 48    Filed 04/16/25    Entered 04/16/25 13:46:33 Page 15 of 15